**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SLAY,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFONRIA, et al.,<br><br>    Defendants. | No. 2:20-CV-1591-KJM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the Superior Court of California; (2) the Rio Cosumnes Correctional Center, which is a county jail; and (3) the County of Sacramento.  See ECF No. 1, pg. 1.  Plaintiff alleges:

> Due to the Covid-19 pandemic social distancing had not been met by CDC regulations.  My 6th, 8th, and 14th Amendments have been violated.  My anxiety and stress level is very high.  TO date I have not been released and I am not currently here for a violent crime.  Also I have less than a year left.  It is cruel and unusual punishment to sentence me to a death sentence especially with no mask – and being in this uncleanly environment.
>
> Id. at 3.

## II. DISCUSSION

Plaintiff fails to state any claims against the named defendants for the reasons discussed below:

### A. **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

(1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

The Superior Court of California is an arm of the state and, as such, is not a proper defendant.

## B. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, Plaintiff names two municipal defendants – the Rio Cosumnes Correctional Center, which is a county jail, and the County of Sacramento. Plaintiff has not, however, alleged a custom, policy, practice of either defendant which was the moving force behind the alleged constitutional violation.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

1  amend, all claims alleged in the original complaint which are not alleged in the amended

2  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

3  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

4  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

5  complete in itself without reference to any prior pleading.  See id.

6        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

7  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

9  each named defendant is involved, and must set forth some affirmative link or connection

10 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

11 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       Finally, Plaintiff is warned that failure to file an amended complaint within the

13 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

14 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

15 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

16 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

17       Accordingly, IT IS HEREBY ORDERED that:

18       1.    Plaintiff's original complaint, ECF No. 1, is dismissed with leave to

19 amend; and

20       2.    Plaintiff shall file a first amended complaint within 30 days of the date of

21 service of this order.

23 Dated:  March 23, 2021

                  DENNIS M. COTA
                  UNITED STATES MAGISTRATE JUDGE

4